IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORENA CEJA-VARGAS, #71369-097 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv594 |
| | § | CRIMINAL ACTION NO. 4:13cr175(5) |
| UNITED STATES OF AMERICA | § | |

## **ORDER OF DISMISSAL**

*Pro se* Movant Lorena Ceja-Vargas filed a motion to vacate, set aide, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt #9) concluding that the motion should be denied because Movant's § 2255 motion is time-barred. Movant filed objections (Dkt #11).

In Movant's objections, she does not claim that her motion is timely, but instead, now claims that she is actually innocent. The record shows that Movant pleaded guilty on July 20, 2015, pursuant to written plea agreement. In that agreement, Movant waived her rights to plead not guilty, to be tried by a jury, to have her guilt proved beyond a reasonable doubt, to call witnesses in her defense, to confront and cross-examine witness, and to not be compelled to testify against herself. Movant stipulated that she understood the charge and the elements of the offense, and understood the sentencing range, and agreed that an eight-year sentence was appropriate in her case. She also conceded her plea was freely and voluntarily given, and was not the result of force, threats, or promises other than those in the plea agreement. Movant also agreed to waive collateral review except for a claim concerning the Court's imposition of a sentence not in accordance with the agreement, and ineffective assistance of counsel affecting the validity of the waiver or plea itself. The Court sentenced Movant to ninety-six months' imprisonment pursuant to a Rule 11(c)(1)(C)

agreement. The record reflects that Movant pleaded guilty knowingly and voluntarily. Her sole issue raised in the § 2255 motion is that she is entitled to a reduction in offense level for having a minor role in the conspiracy. This claim is neither a claim that the Court sentenced her to a sentence not in accordance with her agreement, nor ineffective assistance of counsel affecting the validity of the plea or waiver. Accordingly, Movant's motion is not only time-barred, but it is also barred from collateral review based on the waiver provision of her plea agreement.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . the expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). *See also Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2013). To be credible, an actual innocence claim requires a petitioner to support allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Actual innocence means 'factual innocence and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). A mere assertion of "stale factual innocence" is unpersuasive. *Drew v. Scott*, 28 F.3d 460, 462 (5th Cir. 1994).

Movant pleaded guilty pursuant to a plea agreement, but now asserts she is actually innocent. Many courts have been unwilling to allow prisoners to invoke actual innocence claims after pleading guilty. *See Teal v. Quintana*, No. 5:14-230-JMH, 2014 WL 4435968, at *5 (E.D. Ky. Sept. 9, 2014) (Petitioner's guilty plea dispels any notion that he is eligible to assert a viable claim of actual innocence under the *McQuiggin* rationale); *Sidener v. United States*, No. 3:11-CV-03085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013) (Rejecting *McQuiggin* claim because "Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence. Therefore, the actual innocence 'gateway' for allowing consideration of otherwise time-barred claims

is not available in Movant's case."); *United States v. Cunningham*, No. H-12-3147, 2013 WL 3899335, at *4 n.3 (S.D. Tex. July 27, 2013) (Because Petitioner pleaded guilty and has made no showing of actual innocence, *McQuiggin* in not available); *Barton v. Quarterman*, No. H-07-1192, 2007 WL 3228107, at *15 (S.D. Tex. Oct. 30, 2007) (Petitioner's "voluntary guilty plea weighs heavily against his belated claim of actual innocence"); *Pannell v. Cockrell*, No. 3:01-CV-1931L, 2002 WL 1155860, at *4 (N.D. Tex. May 29, 2002) ("This voluntary guilty plea negates any claim of actual innocence.").

The record establishes that Movant knowingly and voluntarily pleaded guilty, and she has not made a viable showing of actual innocence. For the first time, Movant claims she had a license issued from the State of California to manufacture cannabis at the time of her apprehension. The presentence report notes that Movant's daughter possessed such a license, but there is no mention in her case that she possessed a license. Without considering the legitimacy of such license, however, this evidence was available – according to Movant – at the time the charges were brought against her; thus, Movant has not provided "new evidence." *House v. Bell*, 547 U.S. 518, 537(2006) (to be new evidence, it must be evidence not available at the time of trial). Movant pleaded guilty knowingly and voluntarily, and she fails to show the actual innocence gateway is available for the consideration of her claim. Furthermore, the Fifth Circuit has held that issues raised for the first time in objections are not properly before the court. *Finley v. Johnson*, 243 F.3d 215, 218 n. 3 (5th Cir. 2001), *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

In conclusion, Movant's motion to vacate, set aside, or correct sentence is time-barred. Movant pleaded guilty knowingly and voluntarily; thus, her case is also barred from collateral review based on the waiver provision of her plea agreement. Finally, Movant cites actual innocence in an

effort to overcome the statute of limitations, but has not satisfied the Supreme Court's requirements in *McQuiggin* and *Schlup* to show actual innocence. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 19th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE